IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PIANO GALLERY MADISON, LLC,

                              Plaintiff,

    v.                                                                    OPINION and ORDER

CREATE MUSIC, LLC, BENJAMIN GARBER, and
DEBRA GALLA,                                              17-cv-713-jdp

                              Defendants.

---

The parties to this case accuse each other of failing to live up to their obligations under an asset purchase agreement related to a retail piano store. Several motions are before the court, but the main event is plaintiff's motion for partial summary judgment.

The court will grant the preliminary motions. Plaintiff may file its belated answer to the counterclaims. Dkt. 53. The court will accept defendants' sur-reply. Dkt. 63. The court will grant plaintiff's motion for summary judgment in in part; most of this case will have to be resolved at trial.

BACKGROUND

From 2007 to 2014, Grant Billings owned and operated Piano Gallery Madison, LLC, a limited liability company that operated Billings Piano Gallery Madison. Defendants Debra Galla and Benjamin Garber were employees of Billings Piano Gallery.

In spring 2014, Billings decided to move to Florida to run his father's piano store there. He negotiated sale of the assets of the Madison store to Garber, who had formed his own limited liability company, Create Music, LLC, to run the store. Piano Gallery Madison and

Create Music executed an asset purchase agreement (APA) with an effective date of October 15, 2014 (although the APA was not executed until October 24, 2014). Galla stayed on to work as the office manager for Create Music, as she had for Piano Gallery Madison.

Multiple disputes erupted over the next year, leading Piano Gallery Madison to file this suit, and for Create Music to assert counterclaims.

Create Music, Garber, and Galla are all citizens of the state of Wisconsin. Billings is a citizen of the state of Florida. Billings is the sole member of Piano Gallery Madison, so Piano Gallery Madison is a citizen of Florida of Florida as well. *See Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007) ("the citizenship of an LLC is the citizenship of each of its members"). More than $75,000 is in controversy, so the court has diversity jurisdiction under 28 U.S.C. § 1332.

The court will set out the facts pertinent to the pending motions in the analysis section.

ANALYSIS

A. Motion for leave to file a late answer

In the course of summary judgment briefing, defendants pointed out that Piano Gallery Madison had neglected to file an answer to Create Music's breach of contract counterclaims. Dkt. 46, at 7. Piano Gallery Madison then moved for leave to file a belated answer and affirmative defenses. *See* Dkt. 53; Dkt. 61-1 (proposed answer). Piano Gallery Madison says that its failure to file an answer was due to a clerical error and oversight on the part of its counsel. Dkt. 61, ¶ 9. It askes the court to exercise its discretion to accept the belated filing under Federal Rule of Civil Procedure 6(b)(1)(B), which permits extension of deadlines for good cause if a party failed to act because of excusable neglect. Piano Gallery Madison says

that both sides have been proceeding as if it had already filed its answer by serving written discovery (*see, e.g.*, Dkt. 61-8) and filing dispositive motions directed at the allegations underlying the counterclaims (*see* Dkt. 22 and Dkt. 35).

Create Music opposes Piano Gallery Madison's request to file a belated answer, but the court is not persuaded that it should reject it, which would result in the counterclaims being deemed to be undisputed. Create Music has not demonstrated that it was meaningfully prejudiced by Piano Gallery Madison's omission, and Piano Gallery Madison's omission appears to have been inadvertent and made in good faith. The court will grant Piano Gallery Madison leave to file its belated answer and affirmative defenses. The court will treat the proposed answer, Dkt. 61-1, as the operative answer for the purposes of this opinion.

**B. Motion for partial summary judgment**

    **1. Piano Gallery Madison's civil theft claim**

Piano Gallery Madison contends that defendants committed civil theft by selling five pianos without turning over the proceeds to Piano Gallery Madison, and it moves for summary judgment on this claim.

We begin with some additional background. Most of the inventory in the store was financed by a line of credit from GE Capital. The APA refers to the financed inventory as "Floor Plan Inventory," and as of the effective date of the APA it consisted of 28 pianos on which $155,762.02 was owed to GE Capital. Under the APA, Create Music was to pay for the Floor Plan Inventory by providing to Billings and Piano Gallery Madison a release of the GE Capital obligation in the amount of $155,762.02. The idea was simple enough: Garber would have GE Capital transfer the line of credit to Create Music. Create Music was supposed to deliver the release by October 24, 2014. But the parties didn't execute the APA until October 24, 2014,

and GE Capital confirmed the transfer of the credit line only on November 19, 2014, so that's the date that Billings and Piano Gallery Madison got the release. The delay was not Create Music's fault.

But here's the rub: under the express terms of the APA, title to the Floor Plan Inventory stayed with Piano Gallery Madison until the release was delivered. And the proceeds of any sale of Floor Plan Inventory made before the release was delivered was to be turned over to Piano Gallery Madison:

> Until such time as Seller receives such GE Release, title to the [Floor Plan Inventory] remains with the Seller any proceeds of sales from any such inventory shall be turned over to the Seller immediately upon receipt by Purchaser;

Dkt. 1-1, § 3.1(b)(i); *see also id.* §§ 3.4, 6.5.

Create Music sold four pianos from the Floor Plan Inventory before November 19, 2014, but it did not turn over the proceeds to Piano Gallery Madison. Piano Gallery Madison contends that defendants' intentional withholding of the proceeds of these sales constitutes a civil theft under Wis. Stat. § 895.446, because their conduct would violate the criminal theft statute, § 943.20(1). Piano Gallery Madison also contends that Create Music sold a fifth piano (a digital piano that was not part of Floor Plan Inventory) even before the effective date of the agreement, and kept the proceeds of that sale, too. Piano Gallery Madison contends that the material facts are undisputed, so it is entitled to summary judgment on its civil theft claims arising from the sale of the five pianos.

If the strict terms of the APA were all that mattered, Piano Gallery Madison might have a good case for summary judgment. But there is a genuine dispute of fact about whether Billings consented to deviate from the strict terms of the APA. Create Music has adduced email communications that suggest that Billings had agreed to have Garber and Galla make payments

to the GE Capital line of credit instead of remitting the proceeds to Piano Gallery Madison. Dkt. 51, ¶ 23; Dkt. 51-8. Thus, whether defendants retained money belonging to Piano Gallery Madison without consent—an element of the theft claim—is genuinely disputed.

As for the digital piano, Create Music has adduced evidence that it was actually sold after the effective date of the agreement. Among other things, it cites a receipt for $1477.00 dated "10/15/2014." Dkt. 69-1.[1] So a genuine dispute of material fact also precludes summary judgment on the civil theft claim based on the digital piano.

2. **Piano Gallery Madison's breach of contract claim based on attorney fees**

The APA requires the parties to split all expenses, including attorney fees, incurred by the parties in connection with the APA. Dkt. 1-1, § 9.2. Piano Gallery Madison says that Create Music has refused to pay its share of Piano Gallery Madison's attorney fees, and that it is owed half of the $14,500 it paid. It contends that the pertinent facts are undisputed and that the matter should be resolved on summary judgment.

Create Music opposes summary judgment on the grounds that it would be absurd to have the parties pool their attorney expenses and split them, rather than having each side pay their own fees. This arrangement might be somewhat unusual, but it is not absurd. The plain language of the APA is unambiguous and decisive. Create Music also expresses doubt about the documentation of Piano Gallery Madison's attorney fees. Dkt. 64, at 2. But Create Music adduces no evidence and makes no persuasive argument to put this amount in genuine dispute.

---

[1] Piano Gallery Madison asks the court to disregard this evidence because it was submitted in a sur-reply. But there was confusion about whether the civil theft claim turned on the date of the sale of the digital piano, so the court will accept the sur-reply and consider this evidence.

The court will grant summary judgment on this issue, and award Piano Gallery Madison $7,250. The court recognizes that Create Music has a claim for half its attorney fees as well, but that issue has not yet been presented; it will have to be resolved at trial.

### 3. Create Music's breach-of-contract counterclaim for termination of the website

Under the APA, Create Music received a license to use certain trademarks, including the domain name "billingspiano.com." Dkt. 1-1, § 1.2(f). In July 2015, in light of several brewing disputes, Billings terminated the license to the marks, and in August 2015, he shut down the website at billingspiano.com. Create Music has alleged a breach-of-contract counterclaim against Piano Gallery Madison; among the alleged breaches is that Billings wrongfully shut down the website, causing the loss of $60,000 to $120,000 in sales for August through October of 2015. Dkt. 17, ¶ 93(d).

Piano Gallery Madison moves for summary judgment on the termination of the website counterclaim on the grounds that Create Music has adduced no evidence to support a claim for lost profits.[2] Piano Gallery Madison contends, essentially, that Create Music would need expert evidence to show that the lost sales were caused by the shutdown of the website, and to establish what profits Create Music would have earned on any lost sales. But Create Music has disclosed no expert, and the deadline for expert disclosure is now past.

Ordinarily, one would expect that a party seeking lost profits would support such a claim with expert evidence. *See, e.g., Ariens Co. v. Woods Equip. Co.*, No. 05-C-139, 2006 WL

---

[2] In its reply brief, Piano Gallery contends for the first time that Create Music cannot show that Piano Gallery Madison was contractually obligated to maintain the business website. *See* Dkt. 60, at 7. But because Piano Gallery Madison did not make this argument in its opening brief, the court declines to consider that issue. *See Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989).

2597979 (E.D. Wis. Sept. 9, 2006) (in contract case involving lost-profits damages based on projections of future sales, court held that expert testimony, rather than lay testimony by a corporate executive, was necessary). Create Music responds to Piano Gallery Madison's motion with a conclusory assertion that expert evidence is not needed. Dkt. 46, at 8. And Create Music concedes that it has not "offered any information as to how such profits would be calculated." Dkt. 57, ¶ 31. Piano Gallery Madison is entitled to the disclosure of Create Music's damages theory and calculation, so that it can prepare a defense. But Create Music has disclosed nothing. Accordingly, the court concludes that Piano Gallery Madison is entitled to summary judgment on the breach of contract counterclaim based on the shutting down of the website.

ORDER

IT IS ORDERED that:

1. Plaintiff Piano Gallery Madison's motion for leave to file its answer and affirmative defenses to defendant's counterclaims, Dkt. 53, is GRANTED.

2. Plaintiff's motion for partial summary judgment, Dkt. 35, is GRANTED in part and DENIED in part, consistent with the discussion above.

3. Defendants Create Music, LLC, Benjamin Garber, and Debra Galla's motion for leave to file a sur-reply, Dkt. 63, is GRANTED.

Entered March 1, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge